Silvino Angel Arciga
1011 Fourth street, Unit #202
Santa Monica, CA 90403
(323) 337-2827
**Defendant, In Pro Per**

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 29 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IFP Submitted

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beverly Hills Properties, LLC, | Case No. 2:23-CV-10037-CAS-PDX |
| Plaintiff, | |
| vs. | |
| Silvino Angel Arciga, Does 1-25 Inclusive, | **NOTICE OF REMOVAL** |
| Defendant. | |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that Defendant Silvino Angel Arciga ("Defendant") hereby remove to this Court the above-captioned action described further below:

1. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

On 10/23/2023, Beverly Hills Properties, LLC ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, Beverly Hills Properties, LLC v Silvino Angel Arciga, Does 1-25 Inclusive Case No. 23SMUD02585. Defendant's Answer to the complaint for

1

unlawful detainer was based on a defective Notice to Quit. A true and correct copy of the relevant pleadings, i.e., summons, complaint, Answer, etc are attached hereto as **Exhibit "A"**.

2. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

3. No previous request has been made for the relief requested.

4. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

6. The complaint for Unlawful Detainer is subject to strict notice requirements.

7. Defendant filed his Demurrer to the complaint based on a defective notice, i.e., the Notice to Pay or Quit, failed to comply with The Protecting Tenants Moratorium Act [1179.10(b)].

8. Federal question exists because Defendant's Answer, a pleading that depends on the determination of Defendant's rights and Plaintiff's duties under federal law. Wherefore, Silvino Angel Arciga respectfully remove this action from the California Superior Court for the Los Angeles, this Court pursuant to 28 United States Code Sections 1331 and 1441.

Respectfully submitted,

**Dated:** 11/29/2023    By: _SAA_

Silvino Angel Arciga
**Defendant, In Pro Per**

# EXHIBIT "A"

**UD-100**

ATTORNEY OR PARTY WITHOUT ATTORNEY
NAME: Douglas L. Walton, Esq. (SBN 82833)
FIRM NAME:
STATE BAR NUMBER
STREET ADDRESS: 9441 Wilshire Boulevard, Penthouse
CITY: Beverly Hills   STATE: CA   ZIP CODE: 90212
TELEPHONE NO.: (310) 278-8000   FAX NO.:
EMAIL ADDRESS:
ATTORNEY FOR (name): Beverly Hills Properties, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles County
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: Santa Monica Courthouse

PLAINTIFF: Beverly Hills Properties, LLC
DEFENDANT: Silvino Angel Arciga, Does 1-25 Inclusive
☐ DOES 1 TO

FOR COURT USE ONLY

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/23/2023 11:36 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Quiroz, Deputy Clerk

☒ COMPLAINT   ☐ AMENDED COMPLAINT (Amendment Number):
COMPLAINT — UNLAWFUL DETAINER*

CASE NUMBER: 23SMUD02585

Jurisdiction (check all that apply):
☒ ACTION IS A LIMITED CIVIL CASE
Amount demanded ☒ does not exceed $10,000.
☐ exceeds $10,000 but does not exceed $25,000.
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
☐ from unlawful detainer to general unlimited civil (possession not in issue).   ☐ from limited to unlimited.
☐ from unlawful detainer to general limited civil (possession not in issue).   ☐ from unlimited to limited.

1. PLAINTIFF (name each):
   Beverly Hills Properties, LLC

   alleges causes of action against DEFENDANT (name each):
   Silvino Angel Arciga

2. a. Plaintiff is   (1) ☐ an individual over the age of 18 years.   (4) ☐ a partnership.
                    (2) ☐ a public agency.                           (5) ☐ a corporation.
                    (3) ☒ other (specify): Limited Liability Company

   b. ☒ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):
      Beverly Hills Properties, LLC

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   1011 Fourth Street, Unit #202
   Santa Monica CA 90403
   Los Angeles County

   b. The premises in 3a are (check one)
   (1) ☒ within the city limits of (name of city): Santa Monica
   (2) ☐ within the unincorporated area of (name of county):

   c. The premises in 3a were constructed in (approximate year): 1968

4. Plaintiff's interest in the premises is   ☐ as owner   ☒ other (specify): Authorized by owner to bring suit it its own name
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

COMPLAINT — UNLAWFUL DETAINER
Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

Civil Code, § 1940 et seq.
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

PLAINTIFF: Beverly Hills Properties, LLC
DEFENDANT: Silvino Angel Arciga, Does 1-25 Inclusive

UD-100

CASE NUMBER

6. a. On or about (date): 5/19/2023 defendant (name each):
   Silvino Angel Arciga

   (1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy (specify): 12 months
   (2) agreed to pay rent of $ 4,095.00 payable ☒ monthly ☐ other (specify frequency):
   (3) agreed to pay rent on the ☒ first of the month ☐ other day (specify):
   b. This ☒ written ☐ oral agreement was made with
      (1) ☐ plaintiff.
      (2) ☒ plaintiff's agent.
      (3) ☐ plaintiff's predecessor in interest.
      (4) ☐ Other (specify):
   c. ☒ The defendants not named in item 6a are
      (1) ☐ subtenants.
      (2) ☐ assignees.
      (3) ☒ Other (specify): Unknown Occupants
   d. ☐ The agreement was later changed as follows (specify):

   e. ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):
      (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 (complete (a) or (b))
   a. ☒ is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify): CCP1947.12(d)(3) Residential property subject to other rent control; CCP1946.2(a) Occupancy less than 12 months
   b. ☐ is subject to the Tenant Protection Act of 2019.

8. (Complete only if item 7b is checked. Check all applicable boxes.)
   a. ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
      (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
      (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to (name each defendant and amount given to each):

   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant (name each): Silvino Angel Arciga

   was served the following notice on the same date and in the same manner:
   (1) ☒ 3-day notice to pay rent or quit
   (2) ☐ 30-day notice to quit
   (3) ☐ 60-day notice to quit
   (4) ☐ 3-day notice to quit
   (5) ☐ 3-day notice to perform covenants or quit (not applicable if item 7b checked)
   (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c) Prior required notice to perform covenants served (date):
   (7) ☐ Other (specify):

UD-100 [Rev. September 1, 2020]   COMPLAINT — UNLAWFUL DETAINER   Page 2 of 4

PLAINTIFF: Beverly Hills Properties, LLC
DEFENDANT: Silvino Angel Arciga, Does 1-25 Inclusive

CASE NUMBER:

UD-100

9. b. (1) On (date): 10/20/2023 the period stated in the notice checked in 9a expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. (Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
    (1) [ ] By personally handing a copy to defendant on (date):
    (2) [ ] By leaving a copy with (name or description):
        a person of suitable age and discretion, on (date):    at defendant's
        [ ] residence  [ ] business  AND mailing a copy to defendant at defendant's place of residence on (date):    because defendant cannot be found at defendant's residence or usual place of business.
    (3) [X] By posting a copy on the premises on (date): 10/17/2023
        [X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date): 10/17/2023
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [X] because no person of suitable age or discretion can be found there.
    (4) [ ] (Not for 3-day notice; see Civil Code, § 1946, before using) By sending a copy by certified or registered mail addressed to defendant on (date):
    (5) [ ] (Not for residential tenancies; see Civil Code, § 1953, before using) In the manner specified in a written commercial lease between the parties.
    b. [ ] (Name):
        was served on behalf of all defendants who signed a joint written rental agreement.
    c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
    d. [X] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [X] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
12. [X] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 8,209.00
13. [X] The fair rental value of the premises is $ 136.82 per day.
14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)
15. [ ] A written agreement between the parties provides for attorney fees.
16. [X] Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage): Santa Monica Rent Control, Section 1806

Plaintiff has met all applicable requirements of the ordinances.

17. [ ] Other allegations are stated in Attachment 17.
18. Plaintiff accepts the jurisdictional limit, if any, of the court.

COMPLAINT — UNLAWFUL DETAINER

UD-100

PLAINTIFF: Beverly Hills Properties, LLC
DEFENDANT: Silvino Angel Arciga, Does 1-25 Inclusive

CASE NUMBER:

**19. PLAINTIFF REQUESTS**
a. possession of the premises.
b. costs incurred in this proceeding:
c. [X] past-due rent of $ 8,209.00
d. [ ] reasonable attorney fees.
e. [X] forfeiture of the agreement.
f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. [X] damages at the rate stated in item 13 from (date): 11/01/2023 for each day that defendants remain in possession through entry of judgment.
h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
i. [X] other (specify): Any and all other relief as the Court deems proper.

20. [X] Number of pages attached (specify): 16

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

21. [X] (Complete in all cases.) An unlawful detainer assistant [X] did not [ ] did for compensation give advice or assistance with this form. (If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on (date):

Date: 10/23/2023

Douglas L. Walton, Esq.
(TYPE OR PRINT NAME)                        ▶ _____ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**
(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/23/2023

Elizabeth Umanzor
(TYPE OR PRINT NAME)                        ▶ _____ (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. September 1, 2020]        COMPLAINT — UNLAWFUL DETAINER        Page 4 of 4
CEB Essential

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME: Silvino Angel Arciga<br>FIRM NAME:<br>STREET ADDRESS: 1011 Fourth Street, Unit #202<br>CITY: Santa Monica   STATE: CA   ZIP CODE: 90403<br>TELEPHONE NO.: (323) 337-2827   FAX NO.:<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): Self-Represented<br>STATE BAR NUMBER: | **UD-105**<br><br>FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 02 2023<br><br>David W. Slayton, Executive Officer/Clerk of Court |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West District

PLAINTIFF: Beverly Hills Properties, LLC
DEFENDANT: Silvino Angel Arciga, Does 1-25 Inclusive

**ANSWER—UNLAWFUL DETAINER**

CASE NUMBER: 23SMUD02585

1. Defendant (all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs):
Silvino Angel Arciga

answers the complaint as follows:

2. **DENIALS** (Check ONLY ONE of the next two boxes.)

    a. ☐ **General Denial** (Do not check this box if the complaint demands more than $1,000.)
    Defendant generally denies each statement of the complaint and of the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101).

    b. ☒ **Specific Denials** (Check this box and complete (1) and (2) below if complaint demands more than $1,000.)
    Defendant admits that all of the statements of the complaint and of the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101) are true EXCEPT:

    (1) **Denial of Allegations in Complaint** (Form UD-100 or Other Complaint for Unlawful Detainer)

    (a) Defendant claims the following statements of the complaint are false (state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025):
    ☐ Explanation is on form MC-025, titled as Attachment 2b(1)(a).

    9, 10, 12, 13

    (b) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025):
    ☐ Explanation is on form MC-025, titled as Attachment 2b(1)(b).

    16

    (2) **Denial of Allegations in Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101)**

    (a) ☐ Defendant did not receive plaintiff's Mandatory Cover Sheet and Supplemental Allegations (form UD-101). (If not checked, complete (b) and (c), as appropriate.)

    (b) ☐ Defendant claims the statements in the Verification required for issuance of summons—residential, item 3 of plaintiff's Mandatory Cover Sheet and Supplemental Allegations (form UD-101), are false.

    (c) Defendant claims the following statements on the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101) are false (state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025): ☐ Explanation is on form MC-025, titled as Attachment 2b(2)(c).

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. April 14, 2022]

**ANSWER—UNLAWFUL DETAINER**

Page 1 of 5
Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12,
1161 et seq., 1179.01 et seq.
www.courts.ca.gov

UD-105 [Rev. April 14, 2022]   ANSWER—UNLAWFUL DETAINER